**Creitz & Serebin LLP**

Joseph A. Creitz, CBN 169552
joe@creitzserebin.com
Lisa S. Serebin, CBN 146312
lisa@creitzserebin.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
415.466.3090 (tel)
415.513.4475 (fax)

Counsel for Plaintiff Albert Lou

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT B. LOU, an individual,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>ACCENTURE UNITED STATES GROUP HEALTH PLAN, an ERISA welfare benefit plan; ACCENTURE LLP, in its capacity as Plan Administrator for the ACCENTURE UNITED STATES GROUP HEALTH PLAN, an ERISA fiduciary; and HEALTH CARE SERVICE CORPORATION d/b/a BLUE CROSS BLUE SHIELD OF ILLINOIS, in its capacity as Claims Administrator for the ACCENTURE LLP BCBS PPO PLAN, an ERISA Fiduciary,<br><br>　　　　Defendants. | Case No.: 3:21-cv-6741<br><br>COMPLAINT FOR BENEFITS AND FOR VIOLATIONS OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974 (ERISA) |

*LOU V. ACCENTURE U.S. GROUP HEALTH PLAN, ET AL.*, Case No. 3:21-cv-6741
*COMPLAINT*　　　　　　　　　　　　　1

Now comes the Plaintiff Albert B. Lou ("Mr. Lou"), who for his Complaint alleges as follows:

## JURISDICTION

1.  Jurisdiction of this Court is based on the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), and in particular, ERISA §§ 502(e)(1) and (f), 29 U.S.C. §§ 1132(e)(1) and (f). Those provisions give the district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan. In addition, this action may be brought before this Court pursuant to 28 U.S.C. § 1331, which gives the district courts jurisdiction over actions that arise under the laws of the United States.  Pursuant to ERISA § 502(h), 29 U.S.C. § 1132(h), a copy of this Complaint has been served upon the United States Secretary of Labor, and the United States Secretary of the Treasury.

## VENUE

2.  Venue is proper under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), in that the employee benefit plan that is the subject of Mr. Lou's claims is administered in this District, and the plan can be found within this District, and a defendant may be found within this District, and the violations of ERISA described below occurred within this District.

## PARTIES

3.  Mr. Lou, is, and at all times mentioned herein was, a participant and/or beneficiary, within the meaning of ERISA § 3(7), 29 U.S.C. § 1002(7), in the Accenture United States Group Health Plan. Mr. Lou is, and at all times pertinent herein was, a resident of San Francisco, San Francisco County, California.

1  4. The Plan is, and at all times mentioned herein was, an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1) which provides health care benefits to eligible employees of Accenture LLP ("Accenture"). Plaintiff is informed and believes that the Accenture United States Group Health Plan incorporates the terms and provisions of the Accenture LLP BCBS PPO Plan (both plans referred to collectively herein as the "Plan").

5. Defendant Accenture is a limited liability partnership with its principal place of business in Chicago, Illinois, and is authorized to conduct business within the State of California. Accenture is Mr. Lou's employer. Accenture is the Plan Administrator of the Accenture United States Group Health Plan, an ERISA fiduciary within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21), with ultimate authority over the Plan and ultimate responsibility for decisions made under the Plan.

6. Defendant Health Care Service Corporation, d/b/a Blue Cross Blue Shield of Illinois ("BCBSIL") is the Claim Administrator for the Plan (the "Claim Administrator") and exercises discretion and control over plan assets and plan management, and as such is a fiduciary within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21). Plaintiff is informed and believes that BCBSIL does substantial business in the State of California, providing health insurance plans to individuals and corporations in the State of California and acting as the claim administrator for such plans.

## FACTUAL ALLEGATIONS

7. Mr. Lou's nine-year old daughter Audrey Lou was born with an extremely rare genetic disorder known as Aromatic L-amino Acid Decarboxylase Deficiency ("AADC"). Due to this disorder, Audrey lacks key neurotransmitters in her brain essential to muscle function. As a result, she has complex medical

needs that require daily ongoing medical assessment. Audrey is afflicted with repetitive episodes of oculogyric crisis, obstructive sleep apnea with respiratory deficiencies, asthma, hypotonia, and global developmental delay. She has difficulty moving her arms and legs, and she cannot support her head effectively and efficiently. She has dysphagia (her oral muscles are not coordinated enough for her to chew and swallow without choking) and she is dependent on gastrostomy tube feeding for nutrition. She is dependent on a CPAP machine to deliver oxygen at night in order to prevent respiratory failure, and requires daily breathing treatments, including oral/nasal suctioning, chest percussion treatments, and oxygen therapy to prevent respiratory infections and failure. Due to her fragile respiratory status she requires frequent respiratory assessment and oxygen delivery with special attention to oxygen saturations and positioning due to obstructive sleep apnea. She requires constant supervision due to the risk of aspiration related to dysphagia, in order to prevent choking on feedings, medications and secretions. She is non-verbal and needs a qualified adult caregiver to monitor and anticipate her needs.

8. Audrey requires twelve hours of skilled nursing care daily for the ongoing clinical assessment of her respiratory needs and her overall health. The daily professional medical care, clinical assessment and exercise of clinical judgment by licensed nurses is essential to prevent Audrey from requiring repeated emergency and prolonged intensive care hospitalizations.

9. Mr. Lou's employer-provided health benefit plans have always covered Audrey's skilled nursing care – both during his tenure with his prior employer since Audrey's initial diagnosis, and under the Plan from the date Mr. Lou was hired by Accenture in April 2019 through January 22, 2021. BCBSIL

accepted and paid all claims for Audrey's skilled nursing care from April 2019 through January 22, 2020.

10. Despite no change in Audrey's condition and no change in the language of the Plan, after January 22, 2021 BCBSIL began denying Mr. Lou's claims for Audrey's care. BCBSIL's initial denial of Mr. Lou's claims cited BCBSIL's opinion that the nursing services rendered to Audrey Lou were "Custodial care in nature" and "do not require the skills and professional training of skilled nurses."

11. Skilled nursing care is a benefit provided under the terms of the Plan, which provides benefits for "Private Duty Nursing Service" with no yearly maximum. Private Duty Nursing Service is defined in the Plan as

> Skilled Nursing Service provided on a one-to-one basis by an actively practicing registered nurse (R.N.), or licensed practical nurse (L.P.N.). Private duty nursing is shift nursing of 8 hours or greater per day and does not include nursing care of less than 8 hours per day. Private Duty Nursing does not include Custodial Care Service.

12. The Plan defines "Custodial Care" as services provided

> primarily for personal comfort or convenience that provides general maintenance, preventive, and/or protective care without any clinical likelihood of improvement of your condition. Custodial Care Services also means those services which do not require the technical skills, professional training and clinical assessment ability of medical and/or nursing personnel in order to be safely and effectively performed.

"Custodial Care" services are further defined by the Plan as services to assist with routine medical needs and to assist with activities of daily living. The Plan includes examples of Custodial Care services, that include "simple care and dressings and administration of routine medications."

1      13.    The Plan's Summary Plan Description ("SPD") states that Accenture is responsible for formulating and carrying out all rules and regulations necessary to administer the Plan and has sole discretionary authority to make factual determinations and decisions regarding eligibility or benefits of employees and participants in the Plan. The SPD states that "Accenture has delegated to an Appeals Committee and to one or more Claims Administrators and Appeals Administrators the discretionary authority to make decisions regarding the interpretation or application of plan provisions and the discretionary authority to determine all questions as to rights and benefits of employees and participants under *certain* of the plans." (emphasis added). The SPD states that "[b]enefits under the plans will be paid only if the Plan Administrator, the Appeals Committee, a Claims Administrator or an Appeals Administrator *as applicable* decides in its discretion that the claimant is entitled to them." (emphasis added). The SPD states that all benefits are paid directly from Accenture's general assets or a benefit trust.

14.    Upon information and belief, the Plan and Accenture have responsibility for the payment of benefits under the Plan, including by way of directing payment from Accenture's general assets or the benefit trust for such benefits when benefits are payable.

15.    Mr. Lou submitted two administrative appeals of BCBSIL's denials of his claims for Audrey's care. The appeals were submitted to both BCBSIL and Accenture. In support of both appeals, he submitted letters of medical necessity from Dr. John Takayama, Audrey's primary care physician, and Dr. Ngoc Ly, Audrey's pulmonologist and Chief of Pulmonology at UCSF Benioff Children's Hospital. Both letters established Audrey's ongoing need for daily skilled nursing care and evidenced the fact that Audrey's need for skilled nursing care

had not changed nor diminished over the period for which claims were submitted. Mr. Lou and his wife also personally attested to Audrey's ongoing need for daily medical assessment and skilled nursing care in support of the appeals.

16. BCBSIL's denial of Mr. Lou's first appeal erroneously characterized Mr. Lou's claim as a "Pre-service Request" and stated BSCSIL's denial determination as follows: "medical necessity has not been established, therefore this service is not covered under your Medical Plan."

17. The ERISA Claims Regulation, and guidance issued by the United States Secretary of Labor dictate that:

> If [a welfare benefit] denial is based on medical necessity or experimental treatment or similar exclusion or limit, an explanation of the scientific or clinical judgment for the denial, applying the terms of the plan to the claimant's medical circumstances, or a statement that such explanation will be provided free of charge upon request

must be included in a Plan's adverse benefit determination. 29 C.F.R. § 2560.503-1(g). Neither BCBSIL's initial benefit denial nor its denial of Mr. Lou's first level appeal contained any "explanation of the scientific or clinical judgment for the denial." Neither BCBSIL's initial benefit denial nor its denial of Mr. Lou's first level appeal informed Mr. Lou what information, tests, studies, physician testimony, or other additional material he would need to provide in order to establish coverage under the Plan.

18. The SPD states that during the course of an internal appeal, the Claims Administrator will provide any new or additional evidence considered, relied upon or generated by the Claims Administrator in connection with the appealed claim, as well as any new or additional rationale for a determination at the internal appeal stage. The SPD states "[s]uch new or additional evidence or rationale will be provided to you or your authorized representative as soon as

possible and sufficiently in advance of the date a final decision on appeal is made in order to give you a reasonable opportunity to respond." BCBSIL failed to provide any of this information to Mr. Lou in its denial of his first appeal.

19. The Plan allows participants and beneficiaries to submit a second appeal and requires that the Claim Administrator render a second level appeal decision within 15 days from the receipt of the second level appeal. BCBSIL's denial of Mr. Lou's first appeal erroneously advised him that only one appeal was available to him in connection with the denial of his benefits and failed to advise him of the availability of a second level appeal.

20. Mr. Lou submitted his second level appeal to BCBSIL by fax, email and USPS overnight delivery on July 9, 2021. To date, BCBSIL has not responded to the second level appeal.

21. The ERISA Claims Regulation, 29 C.F.R. § 2560.503-1(i), requires that in the case of a group health plan that provides for two appeals of an adverse determination, the Plan administrator shall provide notification with respect to any one of such two appeals, not later than 15 days after receipt by the plan of the claimant's request for review of the adverse determination.

22. The Plan provides that a Plan participant "will be deemed to have exhausted the internal review process…if the Claim Administrator has failed to comply with the internal claims and appeals process."

23. The ERISA Claims Regulation promulgated by the Secretary of Labor provides in pertinent part that:

> In the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of the Act on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.

29 C.F.R. § 2560.503-1(l).

24. Under the terms of the Plan, and under ERISA's regulations, Mr. Lou is deemed to have exhausted his administrative appeals of the Plan's denials of benefits for nursing services for Audrey Lou.

FIRST CAUSE OF ACTION
Claim for Benefits and for Clarification of Rights to
Future Benefits Under the Terms of the Plan
pursuant to ERISA § 502(a)(1)(B)
(Against all Defendants)

25. Mr. Lou realleges and incorporates by reference all prior allegations contained in this Complaint, as if fully restated herein.

26. ERISA § 503, 29 U.S.C. § 1133, and the regulation promulgated thereunder, 29 C.F.R. § 2560.503-1, require every employee benefit plan, including an employee welfare benefit plan, to give every claimant a "full and fair review" and to follow certain minimum procedures pertaining to claims for benefits and to provide "adequate notice in writing" to participants whose claims for benefits under a plan have been denied. 29 C.F.R. § 2560.503-1(b)(5) requires that claims procedures contain administrative processes and safeguards designed to ensure and verify that benefit claim determinations are made in accordance with governing plan documents and that, where appropriate, plan provisions have been applied consistently with respect to similarly situated claimants.

27. Employee benefit plans must further afford a reasonable opportunity for participants to receive a "full and fair review" after a claim for benefits has been denied. ERISA's Claims Regulation, 29 C.F.R. § 2560.503-1(g) requires that communications denying benefits must be clear and presented in

language that an ordinary participant can understand, and further requires plan administrators to inform participants in such communications what additional information they could should have provided in order to perfect their claim.

28.  In committing the acts and omissions herein alleged, Defendants the Plan and BCBSIL have failed to pay benefits in accordance with the terms of the Plan and have failed to provide Mr. Lou with the full and fair review required by ERISA § 503, 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1.

29.  As a result of the violations of ERISA herein alleged, and the Plan's failure to pay benefits to which Mr. Lou is entitled, Mr. Lou is entitled to monetary recovery pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), which authorizes the recovery of benefits due under the terms of an employee benefit plan.

30.  Mr. Lou is further entitled to a clarification of his rights to future benefits for the same treatment, under the terms of the Plan pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

### SECOND CAUSE OF ACTION
Breaches of Fiduciary Duties of Loyalty, Prudence, and to Follow Plan Documents Under ERISA § 502(a)(2) and (a)(3)
(Against Accenture and BCBSIL)

31.  Plaintiff realleges and incorporates by reference all prior allegations contained in this Complaint, as if fully restated herein.

32.  ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A), requires fiduciaries to discharge their duties solely in the interests of employee benefit plan participants and beneficiaries and for the exclusive purpose of providing benefits and defraying reasonable expenses of administering the plan.

33.  ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B), requires fiduciaries

to discharge their duties with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

34. ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D), requires fiduciaries to discharge their duties in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of ERISA.

35. In committing the acts and omissions herein alleged, BCBSIL and Accenture breached their fiduciary duties in violation of ERISA §§ 404(a)(1)(A), (B) and (D), 29 U.S.C. §§ 1104(a)(1)(A)(B) and (D). Mr. Lou is informed and believes and thereon alleges that the administrative failures alleged herein are undertaken by the Plan, BCBSIL and the Plan Administrator on a routine and systematic basis.

36. Wherefore, Mr. Lou seeks appropriate equitable relief for himself pursuant to the 29 U.S.C. § 1132(a)(3), and for the benefit of the Plan and all participants and beneficiaries thereof under § 1132(a)(2), in the form of an injunction compelling the Defendants to refrain from further conduct that violates their fiduciary duties under ERISA.

### THIRD CAUSE OF ACTION
Breaches of Fiduciary Duty (Failure to Monitor)
Under ERISA § 502(a)(2) and (a)(3)
(Against Accenture as Plan Administrator)

37. Plaintiff realleges and incorporates by reference all prior allegations contained in this Complaint, as if fully restated herein.

38. As a fiduciary of the Plan, Accenture is required pursuant to ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), to act solely in the interest of the participants

1  and beneficiaries of the Plan and (A) "for the exclusive purpose of: (i) providing
2  benefits to participants and their beneficiaries; and (ii) defraying reasonable
3  expenses of administering the plan," and (B) to discharge their duties on an
4  ongoing basis "with the care, skill, prudence, and diligence under the
5  circumstances then prevailing that a prudent man acting in a like capacity and
6  familiar with such matters would use in the conduct of an enterprise of a like
7  character and with like aims."

8  39.  ERISA requires fiduciaries who appoint other fiduciaries to monitor
9  the performance of those fiduciaries on an ongoing basis. A monitoring
10 fiduciary must ensure that the monitored fiduciaries are performing their
11 fiduciary obligations. A monitoring fiduciary must take prompt and effective
12 action to protect the plan and participants when the monitored fiduciaries fail to
13 perform their obligations.

14 40.  Accenture breached its fiduciary duties by, *inter alia*, failing to
15 ensure that BCBSIL performed its fiduciary obligations in administering Mr.
16 Lou's claims and the claims of other Plan participants in accordance with the
17 terms of the Plan and ERISA and failing to take action to protect Mr. Lou as a
18 plan participant and other Plan participants when BCBSIL failed to perform its
19 fiduciary obligations in administering Mr. Lou's claims and the claims of other
20 Plan participants in accordance with the terms of the Plan and ERISA.

21 41.  Through its actions and omissions, Accenture has (a) failed to act
22 solely in the interest of the participants and beneficiaries of the Plans for the
23 exclusive purpose of providing them benefits, in violation of ERISA
24 § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A), and (b) failed to act with the care, skill,
25 prudence and diligence under the circumstances then prevailing that a prudent
26 man acting in a like capacity and familiar with such matters would use in the

1  conduct of an enterprise of a like character and with like aims, in violation of
2  ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B).
3     42.   Wherefore, Mr. Lou seeks appropriate equitable relief for himself
4  pursuant to the 29 U.S.C. § 1132(a)(3), and for the benefit of the Plan and all
5  participants and beneficiaries thereof under § 1132(a)(2).

FOURTH CAUSE OF ACTION
Breaches of Fiduciary Duty (Co-Fiduciary Breach)
Under ERISA §§ 405, 502(a)(2) and 502(a)(3)
(Against Accenture as Plan Administrator)

9     43.   Plaintiff realleges and incorporates by reference all prior allegations
10 contained in this Complaint, as if fully restated herein.
11    44.   ERISA § 405(a), 29 U.S.C. § 1105(a)(3) provides that a fiduciary is
12 responsible for its co-fiduciaries' breaches if it has knowledge of another
13 fiduciary's breach, unless it made reasonable efforts under the circumstances to
14 remedy the breach.
15    45.   Accenture, having been advised by Mr. Lou of BCBSIL's breaches of
16 its fiduciary duties, and having failed to make reasonable efforts under the
17 circumstances to investigate and/or remedy the breaches, or to investigate and
18 determine the extent of BCBSIL's breach of its fiduciary duties with respect to
19 the administration of other plan participants, is liable for the breaches of its co-
20 fiduciary BCBSIL with respect to the administration of Mr. Lou's claims and the
21 administration of other plan participants.
22    46.   Through its actions and omissions herein alleged, Accenture has
23 failed to act solely in the interest of the participants and beneficiaries of the Plans
24 for the exclusive purpose of providing them benefits, in violation of ERISA
25 § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A); and has failed to act with the care, skill,
26 prudence and diligence under the circumstances then prevailing that a prudent

man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B).

47. Wherefore, Mr. Lou seeks appropriate equitable relief for himself pursuant to the 29 U.S.C. § 1132(a)(3), and for the benefit of the Plan and all participants and beneficiaries thereof under § 1132(a)(2).

## PRAYER FOR RELIEF

WHEREFORE, Mr. Lou prays judgment as follows:

A. For an award of benefits under the Plan pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B);

B. For an order clarifying Mr. Lou's right to future benefits pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B);

C. For appropriate equitable relief pursuant to ERISA § 502(a)(3) and (a)(3), 29 U.S.C. § 1132(a)(3), including but not limited to a declaration of Mr. Lou's rights to a full and fair review under ERISA, and an injunction against further failure to administer the plan in ways that violate ERISA and the Claims Regulation and that violate the terms and requirements of the Plan; and surcharge for the pecuniary injuries that Mr. Lou has suffered as a consequence of BCBSIL's and Accenture's breaches of their ERISA fiduciary duties;

D. For reasonable attorneys' fees and costs incurred by Mr. Lou in the prosecution of this action pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1);

E. For pre-judgment interest and post-judgment interest on any and all amounts awarded to Mr. Lou; and

F. For all such other relief as the Court deems appropriate and equitable.

DATED this 31st day of August, 2021.

**Creitz & Serebin** LLP

By  /s/   Lisa S. Serebin
Joseph A. Creitz
Lisa S. Serebin
Attorneys for Plaintiff Albert B. Lou

*LOU V. ACCENTURE U.S. GROUP HEALTH PLAN, ET AL.*, Case No. 3:21-cv-6741
*COMPLAINT* 15